UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID P. DILLARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-3584** |
| **CALIBER REAL ESTATE SERVICES, LLC, ET AL.** | **SECTION "B"(1)** |

## ORDER AND REASONS

Plaintiff David Dillard filed a motion to remand for lack of subject matter jurisdiction. Rec. Doc. 13. Defendants Caliber Real Estate Services, LLC, et al. filed an opposition thereto. Rec. Doc. 20. For reasons discussed below,

**IT IS ORDERED** that Plaintiff's motion to remand (Rec. Doc. 13) is **GRANTED** and the above-captioned matter is **REMANDED** to Civil District Court for the Parish of Orleans.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (Rec. Doc. 8) is **DISMISSED AS MOOT**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 1, 2018, the property in question, located at 7907-09 Willow Street, was sold in a foreclosure auction conducted by the Orleans Parish Sheriff's Office. *See* Rec. Doc. 1-2 at 2-3. Plaintiff David P. Dillard acknowledges that the sale took place but alleges that it was illegal because he did not receive notice. *See id.* at 3. On February 20, 2018, Plaintiff filed a petitory action against Defendants in Civil District Court for the Parish

of Orleans. *See id.* at 2-3. Plaintiff seeks to regain ownership and possession of the property. *See id.*

Defendants filed a Notice of Removal on April 4, 2018, alleging this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Rec. Doc. 1. Plaintiff is domiciled in Louisiana. *See id.* at 1-2. Defendants Caliber Real Estate Services, LLC, is domiciled in Texas; Caliber Home Loans, Inc., is a citizen of Delaware with its domicile address in Delaware, and its principal place of business in Texas; U.S. Bank Trust is a citizen of Delaware with its domicile and principal place of business in Delaware. *See id.* at 2. Further, Defendants allege that the amount in controversy exceeds the value of $75,000, exclusive of interest and costs, because the property has an alleged total value of $431,900.00. *See id.* Plaintiff does not dispute complete diversity, but he alleges that the amount in controversy is less than $75,000. *See* Rec. Doc. 13-1 at 1.

**LAW AND ANALYSIS**

A federal district court has jurisdiction over a removed action if it is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party has the burden to establish the existence of jurisdiction. *Winters v. Diamond Shamrock Chem. Co.,* 149 F.3d 387, 397 (5th Cir. 1998). "To determine whether jurisdiction is present for removal, [courts]

2

consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*.

Defendants allege this Court has diversity jurisdiction over this matter because all Defendants are domiciled in different states than Plaintiff. *See* Rec. Doc. 20 at 2-3. Plaintiff is a citizen of Louisiana, and Defendants are domiciled or residents of states different from Plaintiff. *See* Rec. Doc. 1-2 at 2. However, Plaintiff contends that the amount in controversy is well below the statutory threshold. *See* Rec. Doc. 13-1. The amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Plaintiff claims that the restoration of property ownership will cost far less than $75,000. *See* Rec. Doc. 13-1. In contrast, Defendants claim that the property in question has an alleged value of $431,900 which exceeds the statutory threshold. *See* Rec. Doc. 30 at 3-4. In cases like this, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam). Moreover, when an action is surrounding foreclosure proceedings, "the value of that property represents the amount in controversy." *Id*. Here, the property has an alleged value of $431,900, which exceeds the

3

statutory threshold. *See* Rec. Doc. 1-2. It follows that this Court could have subject matter jurisdiction over Plaintiff's suit. *See* 28 U.S.C. § 1332.

But, the Supreme Court has held that "a federal court cannot acquire removal jurisdiction over a state court action that seeks to set aside a prior state court judgment when the second suit 'is a supplementary proceeding so connected with the original suit as to form an incident to it, and substantially a continuance of it.'" *Beighley v. FDIC*, 868 F.2d 776, 781 (5th Cir. 1989), *superseded by statute on other grounds as stated in Tedford v. Warner–Lambert Co.*, 327 F.3d 423, 428 n. 14 (5th Cir. 2003), (citing *Barrow v. Hunton*, 99 U.S. 80, 82 (1878)). As the Fifth Circuit has explained, this "rule applies only when an action in federal court seeks to nullify or to enforce the judgment of a *prior* state court suit." *Id.; see also Wuxi Taihu Tractor Co. v. York Grp.*, 460 F. App'x 357, 358-59 (5th Cir. 2012) (per curiam) (applying *Barrow* to hold that district court lacked removal jurisdiction where plaintiff attempted to remove "a supplementary action seeking to nullify a state-court judgment rendered in a prior suit on the basis of procedural irregularities").

Plaintiff's complaint does not explicitly attempt to set aside a prior state judgment. But, upon further examination of Plaintiff's petitory action, it is clear that success on the petitory action will depend on his ability to set aside the prior

4

Sheriff's sale of the property. Therefore, Plaintiff's complaint implicitly attacks a prior state judgment, which deprives the Court of removal jurisdiction.

As alleged in his complaint, Plaintiff argues that he remains the rightful owner of the property but has been divested of possession through an illegal sheriff's sale. *See* Rec. Doc. 1-2 at 1. An action brought by one who claims ownership of immovable property, but who is not in possession, against another who adversely claims ownership of or possesses the property is defined as a "petitory action." *See* La. Code Civ. Proc. art. 3651. A plaintiff in a petitory action has the following burden: (1) "if the court finds that the defendant is in possession," then the plaintiff must "[p]rove that he has acquired ownership from a previous owner or by acquisitive prescription;" or (2) "if the court finds that the [defendant] is not in possession," the plaintiff must "prove a better title thereto than the defendant." *See* La. Code Civ. Proc. art. 3653. "When the titles of the parties are traced to a common author, he is presumed to be the previous owner." *Id.*

When the defendant is in possession of the property, as appears to be the case here, the plaintiff's burden is particularly

high.[1] First, the plaintiff can attempt to prove that he or his ancestors in title acquired ownership through acquisitive prescription. *See* La. Civ. Code art. 531. Alternatively, the plaintiff may prove that he acquired ownership from a previous owner. *Id*. Essentially, Plaintiff must establish a title which is "good against the world". *Pure Oil Co. v. Skinner*, 294 So. 2d 797, 799 (La. 1974). Louisiana courts have interpreted "good against the world" to mean "proof of an unbroken chain of valid titles from the sovereign, or proof that the plaintiff has acquired the property by ten—or thirty-year prescription." *Hooper v. Hero Lands Co.*, 2015-0929, p. 9 (La. App. 4 Cir. 3/30/16); 216 So. 3d 965, 972. The "plaintiff in a petitory action must recover on the strength of his own title and not on the weakness of that of defendant." *Schutten v. Orleans Par. Levee Dist.*, 320 So. 2d 605, 607 (La. Ct. App. 1975).

Any break in the plaintiff's chain of title is fatal to his claim. *Id*. A tax sale or foreclosure will be considered a break in title. *See id*. at 606-07; *Verret v. Norwood*, 311 So. 2d 86, 92 (La. Ct. App. 1975). In the instant case, Plaintiff's acknowledgement of the foreclosure sale constitutes a break in his

---

[1] Even if Defendants are not in possession of the property, Plaintiff has to show that he has "better title" than Defendants. *See* La. Civ. Code art. 531. Because Plaintiff allegedly lost title via the Sheriff's sale by which Defendants allegedly acquired title, the inquiry would similarly challenge the validity of the Sheriff's sale.

chain of title. Plaintiff alleges that the property underwent an "illegal foreclosure sale" conducted by the Orleans Parish Sheriff's office. *See* Rec. Doc. 1-2 at 2. Regardless of plaintiff's assertion of the sale's illegality, plaintiff nevertheless acknowledges that the property was sold. Thus, plaintiff admits a break in title. Such a break in title is fatal to plaintiff's petitory action unless he can nullify the prior sale. *See Schutten*, 320 So. 2d at 607.

Where plaintiff's title in a petitory action is clouded by any adversarial claims, the plaintiff has the burden of clearing those clouds. *See Egle v. Kidd*, 442 So. 2d 669, 674 (La. Ct. App. 1983) ("[T]he plaintiffs ha[ve] the burden of clarifying, explaining or removing . . . any . . . deficiencies in the title."). A direct action to annul a previous sale may be part of a petitory action, but it is not a petitory action by nature, it is a separate suit. *See Reid v. Fed. Land Bank*, 192 So. 688, 690 (La. 1939). Thus, if another claim of ownership exists, the plaintiff must either take direct action to nullify the adversarial claim, or he may cumulate his petitory action with the nullity action.[2] *See Bordelon v. Bordelon*, 180 So. 2d 855, 861 (La. Ct. App. 1965).

---

[2] An exception exists where the adversarial claim clouding plaintiff's title arises from a sale which is absolutely null. *Bordelon,* 180 So. 2d at 861. In such a case, a plaintiff may skip

Therefore, to prevail on the petitory action, Plaintiff would need to set aside the Sheriff's sale, which he alleges to be illegal. Accordingly, there is no removal jurisdiction and remand is required. *See Beighley*, 868 F.2d at 781; *Wuxi*, 460 F. App'x at 358-59.

New Orleans, Louisiana, this 22nd day of August, 2018.

                                                            _____
                                                          SENIOR UNITED STATES DISTRICT JUDGE

---

a step and is not required to bring a separate action to nullify the adversarial claim to the property. *Id*. Regardless, alleging that the Sheriff's sale is absolutely null would still attempt to set aside the sale.